UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| LORI L. PORTER,<br><br>     Plaintiff,<br><br>  vs.<br><br>CAROLYN W. COLVIN,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>     Defendant. | 4:16-CV-04028-RAL<br><br><br>ORDER GRANTING SUPPLEMENTAL<br>MOTION FOR AWARD OF ATTORNEY FEES |

   Plaintiff Lori L. Porter filed a Supplemental Motion for Award of Attorney Fees pursuant to 42 U.S.C. § 406(b). Doc. 26. Plaintiff was the successful party in this litigation. Doc. 26-2 at 3. The Commissioner does not oppose Plaintiff's motion, but asks the Court to determine if the attorney fee award sought is reasonable. Doc. 28.

   On February 2, 2016, Plaintiff filed this case seeking judicial review of the decision of the Commissioner of Social Security denying her application for disability benefits. Doc. 1. Plaintiff filed a Motion for Summary Judgment, Doc. 9, and supporting memorandum, Doc. 10. Thereafter, on July 22, 2016, Defendant filed an Unopposed Motion to Remand invoking the fourth sentence of 42 U.S.C. § 405(g), and represented that Plaintiff did not oppose the request. Doc. 12. This Court then remanded the case to the Commissioner of Social Security under the fourth sentence of 42 U.S.C. § 405(g) to conduct further administrative proceedings on Plaintiff's claims and denied without prejudice Plaintiff's Motion for Summary Judgment as moot in light of the remand for further proceedings. Doc. 14.

Plaintiff then filed a Motion for Award of Attorney Fees pursuant to 42 U.S.C. § 406(b), Doc. 23, requesting that the motion be held in abeyance until any final determination by Defendant on entitlement to benefits. This Court held that Plaintiff's request for attorney fees was quite timely and indeed premature under 406(b). Doc. 24. Plaintiff now files a timely Supplemental Motion for Award of Attorney Fees. Doc. 26.

Section 406(b)(1)(A) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. . . .

42 U.S.C. § 406(b)(1)(A).

Following this Court's order remanding the case to the Commissioner of Social Security, the Commission awarded $61,760.00 in past due benefits. Doc. 26-2 at 3. On November 26, 2018, the Social Security Administration authorized a $10,000 fee for the administrative work in this case. Doc. 26 at 2; Doc. 26-2 at 3.

This Court previously awarded attorney fees of $3,637.15 under 28 U.S.C. § 2412(d), the Equal Access to Justice Act (EAJA). Docs. 20, 22. This EAJA payment constitutes an offset against any further award of attorney fees. Docs. 20, 22. Plaintiff's attorney now seeks an award of an additional $5,440.00, which is $15,440.00, less the $10,000.00 paid to Plaintiff's attorney at the administrative level. Doc. 26 at 3. Plaintiff's attorney seeks this amount consistent with the fee agreement with his client, pursuant to 42 U.S.C. § 406(b), which agreement called for a contingent fee of 25 percent. Plaintiff's attorney would then return or credit back the Plaintiff the prior EAJA fees of $3,637.15. See McGraw v. Barnhart, 450 F.3d 493, 497 n.2 (10th Cir. 2006) (holding that "it is more appropriate for counsel to make the required refund to his client, rather

than to delegate that duty to the Commissioner."). The Commissioner declines to assert a position on reasonableness of the Plaintiff's request. Doc. 28.

In determining the reasonableness of a fee award, a district court "must first consider the fee agreement, testing it for reasonableness; then reduce the fees based on the character of the representation and results achieved, whether counsel was responsible for delay, and whether the benefits achieved were large in comparison to the time expended by counsel" and then it "may consider the hourly rate." Jones v. Berryhill, 699 Fed. Appx. 587, 588 (8th Cir. 2017) (per curiam). In this case, Plaintiff's attorney has demonstrated that the fee sought is reasonable for the services rendered. Plaintiff agreed to a 25 percent contingent fee in a written fee agreement. Doc. 26-1. The agreement stated, "I understand that the total fee [if past-due benefits are awarded] could amount to several thousand dollars or several hundred dollars per hour on an hourly basis." Doc. 26-1. Additionally, the agreement stated, "I will not be charged a fee if we lose." Doc. 26-1. The case involved both physical and mental impairments and multiple appeals issues. Doc. 26-2 at 3. Plaintiff's attorney represented the plaintiff with an appeal to the Appeals Council, then in federal court, and then again administratively at the hearing where she was found disabled. Doc. 26 at 3. Plaintiff was awarded substantial past-due benefits. Additionally, when dividing the request of $5,440.00 by the 19.45 hours equals $279.69 per hour, which is a reasonable hourly fee when considering the risk associated with the contingent fee. The fee sought is reasonable considering all the case-specific factors and there are no reasons apparent to the Court to reduce the fee.

Therefore, it is hereby

ORDERED that the Supplemental Motion for Award of Attorney Fees Pursuant to 42 U.S.C. § 406(b), Doc. 31, is granted such that Plaintiff's attorney shall receive an additional $5,440.00 out of Plaintiff's benefits as fees. It is further

ORDERED that Plaintiff will receive or be credited for the EAJA fee of $3,637.15 previously paid, for a net additional fee of $1,802.85 to be paid to Plaintiff's attorney, Steven R. Pfeiffer.

DATED this 10th day of January, 2018.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE